**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-4295**

―――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH FITZGERALD BROWN,

                    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:13-cr-00275-FDW-1)

―――――――――

Submitted:  March 30, 2016              Decided:  May 4, 2016

―――――――――

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Fitzgerald Brown was convicted by a jury of being a felon in possession of a firearm and ammunition and of possession of marijuana, in violation of 18 U.S.C. § 922(g)(1) (2012), 21 U.S.C. § 844(a) (2012), and received a total sentence of 90 months' imprisonment. On appeal, Brown contends that his sentence is procedurally unreasonable because the district court erred in applying a sentencing enhancement for obstruction of justice and denying a sentence reduction for acceptance of responsibility. U.S. Sentencing Guidelines Manual §§ 3C1.1, 3E1.1 (2014). For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range and selected a sentence supported by the record. Id. at 51. In reviewing the district court's application of the Guidelines, "we review factual findings for clear error and legal conclusions de novo." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014).

Brown challenges the district court's decision to apply the obstruction of justice enhancement, contending that any erroneous statements he made at the suppression hearing were the

2

result of confusion, mistake, or faulty memory rather than a willful intent to deceive the court. USSG § 3C1.1 cmt. n.2. The district court rejected this argument, relying on specific instances of false testimony and its determination that the disparities between Brown's testimony and other evidence was too great to be attributable to mistake or faulty memory. Having reviewed the record, we conclude that the district court's determination was not clearly erroneous. Our conclusion that the district court did not err in applying the obstruction of justice enhancement forecloses Brown's argument that he was entitled to the acceptance of responsibility adjustment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED